1  SYLVIA TORRES-GUILLÉN (SBN 164835)
2  *storres-guillen@aclusocal.org*
   AMERICAN CIVIL LIBERTIES UNION
3  FOUNDATION OF SOUTHERN CALIFORNIA, INC.
   1313 W. 8th Street
4  Los Angeles, CA 90017
   Telephone:  (213) 977-5220
5  Facsimile:   (213) 977-5299
6
7  Attorneys for Plaintiffs
8  *Additional counsel on following page*
9
10              **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**
12                    **EASTERN DIVISION**
13

| | |
|---|---|
| 14  SIGMA BETA XI, INC.; ANDREW M., by and through his next friend DENISE M., on behalf of himself and all others similarly situated; JACOB T. by and through his next friend, HEATHER T. on behalf of himself and all others similarly situated; J.F. by and through her next friend, CINDY MCCONNELL, on behalf of herself and all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>COUNTY OF RIVERSIDE; MARK HAKE, Chief of the Riverside County Probation Department, in his official capacity; and BRYCE HULSTROM, Chief Deputy of the Riverside County Probation Department, in his official capacity,<br><br>                Defendants. | Case No. 5:18-cv-01399-JGB-JEM<br>Assigned to: Hon. Jesus G. Bernal<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER** |

1  CHRISTINE P. SUN (SBN 218701)
2   *csun@aclunc.org*
   LINNEA L. NELSON (SBN 278960)
3   *lnelson@aclunc.org*
4  AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION OF
5  NORTHERN CALIFORNIA, INC.
6  39 Drumm St.
   San Francisco, CA 94111
7  Telephone:  (415) 621-2493

8  SARAH HINGER*
9   *shinger@aclu.org*
   AMERICAN CIVIL LIBERTIES
10 UNION FOUNDATION
11 125 Broad St., 18th Floor
   New York, NY 10004
12 Telephone:  (212) 519-7882
13 *Admitted *Pro Hac Vice*

14 DAVID LOY (SBN 229235)
15  *davidloy@aclusandiego.org*
   MELISSA DELEON (SBN 272792)
16  *mdeleon@aclusandiego.org*
17 AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION OF SAN
18 DIEGO AND IMPERIAL COUNTIES
19 P.O. Box 87131
   San Diego, CA 92138-7131
20 Telephone: (619) 398-4489
   Facsimile:  (619) 232-0036
21

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
MOE KESHAVARZI (SBN 223759)
 *mkeshavarzi@sheppardmullin.com*
ANDREA N. FEATHERS (SBN 287188)
 *afeathers@sheppardmullin.com*
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    (213) 620-1780
Facsimile:    (213) 620-1398

MICHAEL HARRIS (SBN 118234)
 *mharris@youthlaw.org*
NATIONAL CENTER FOR
YOUTH LAW
405 14th Street, 15th Floor
Oakland, CA 94612
Telephone:    (510) 835-8098
Facsimile:    (410) 835-8099

VICTOR LEUNG (SBN 268590)
 *vleung@aclusocal.org*
ALEXIS PIAZZA (SBN 316047)
 *apiazza@aclusocal.org*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
SOUTHERN CALIFORNIA, INC.
1313 W. 8th Street
Los Angeles, CA 90017
Telephone:  (213) 977-5219
Facsimile:  (213) 977-5299

Attorneys for Plaintiffs

22
23
24
25
26
27
28

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER

Plaintiffs SIGMA BETA XI, INC.; ANDREW M., by and through his next friend, DENISE M., on behalf of himself and all others similarly situated; JACOB T. by and through his next friend, HEATHER T., on behalf of himself and all others similarly situated; J.F., by and through her next friend, CINDY MCCONNELL, on behalf of herself and all others similarly situated, and Defendants COUNTY OF RIVERSIDE; MARK HAKE, Chief of the Riverside County Probation Department, in his official capacity; and BRYCE HULSTROM, Chief Deputy of the Riverside County Probation Department, in his official capacity, by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(c), the Constitution of the United States, the California Constitution, federal statutes, including the Family Educational Rights and Privacy Act of 1974 (FERPA), the California Education Code, including but not limited to, Education Code § 49076, and the California Welfare and Institutions Code, including but not limited to, Welfare and Institutions Code § 827, stipulate and agree that some materials sought for production in discovery are confidential in nature. Therefore, the parties agree to the following Stipulated Protective Order ("Order"):

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in 13.3 below, that this Order does not entitle them to file

confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.     GOOD CAUSE STATEMENT

This action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential employee personnel files, confidential student files and records, confidential case files pertaining to youth referred and placed in the Riverside County Youth Accountability Team ("YAT") Program, confidential documents and information contained in mentee case files maintained by Sigma Beta Xi, Inc., other information otherwise generally unavailable to the public, or which may be the privileged or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c), the Constitution of the United States, the California Constitution, federal statutes, including the Family Educational Rights and Privacy Act of 1974 (FERPA), the California Education Code, including but not limited to, Education Code § 49076, and the California Welfare and Institutions Code, including but not limited to, Welfare and Institutions Code § 827.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. DEFINITIONS

3.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), the Constitution of the United States, the California Constitution, federal statutes, including the Family Educational Rights and Privacy Act of 1974 (FERPA), the California Education Code, including but not limited to, Education Code § 49076, and the California Welfare and Institutions Code, including but not limited to, Welfare and Institutions Code § 827. Confidential Information may include, without limitation: (a) documents and information contained in personnel files of employees, (b) documents and information contained in school files pertaining to students, (c) documents and information contained in case files pertaining to youth referred and placed in the YAT program, and (d) documents and information contained in mentee case files maintained by Sigma Beta Xi, Inc.

3.3 Counsel (without qualifier): Counsel of record (as well as their support staff).

3.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.6 Expert: a person with specialized knowledge or experience in a

matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes, but is not limited to, a professional trial consultant retained in connection with this litigation.

3.7     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.8     Medical Records:  include, but are not limited to, any and all records, including emergency room records, inpatient records, outpatient records, reports, tests and test results, consultant reports, admit sheets, histories, x-rays, x-ray reports, radiographic reports, electroencephalograms, lab reports, nurses' notes, physicians' notes and orders, charts, graphs, discharge summaries, prescriptions, operative reports, correspondence, billing and statements, and any and all other records including psychiatric and mental health records and materials.

3.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

3.11    Party:  any party to this action, including all of its officers, directors, employees, consultants, experts, and Outside Counsel of Record (and their support staffs).

3.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

3.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium)

and their employees and subcontractors.

3.14  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 4.  SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information disclosed prior to the entry of this Order and not marked CONFIDENTIAL by the Designating Party; (b) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (c) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or Order.

## 5.  DURATION

Even after final disposition of this litigation, as defined in Section 14 below, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

SMRH:488997734.1

6. DESIGNATING PROTECTED MATERIAL

6.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualify for protection under this Order must be clearly designated before the material is disclosed or produced.

Designations in conformity with this Order require:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, or when it appears that substantial portions of the testimony may qualify for protection the Designating Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection under the standards set forth herein within the thirty (30) days will be covered by the provisions of this Order. Upon request of a Designating Party, transcript pages containing Protected Material must be separately bound and marked by the court reporter on the top of each such page the legend "CONFIDENTIAL" as instructed by the Designating Party offering or

sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3     Inadvertent Failures to Designate.  Inadvertent failure to identify documents or things as "CONFIDENTIAL" pursuant to this Order will not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied. If the Designating Party discovers that information should have been but was not designated "CONFIDENTIAL" or if the Designating Party receives notice that would enable the Designating Party to learn that it has disclosed such information, the Designating Party must immediately notify all other parties. In such event, within thirty (30) days of notifying all other Parties, the Designating Party must also provide copies of the "CONFIDENTIAL" information designated in accordance with this Order. After receipt of such re-designated information, the "CONFIDENTIAL" information will be treated as required by this Order, and the Receiving Party must promptly, but in no event more than fourteen (14) calendar days from the receipt of the re-designated information, return to the Designating Party all previously produced copies of the same unlegended documents or things. The Designating Party and the Parties may agree to alternative means. The Receiving Party has no liability, under this Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     Timing of Challenges.  Any Party or Non-Party may challenge a

designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a

competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.

In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party to establish that the material is entitled to protection. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.     ACCESS TO AND USE OF PROTECTED MATERIAL

8.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Upon final disposition of this litigation, as defined in Section 14, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION). Protected Material must be stored and

maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Parties to this action and the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record and House Counsel to whom it is reasonably necessary to disclose the information for this litigation. Counsel of Record is responsible for advising all of their staff of the existence of, and their confidentiality obligations under, the Order, and shall take reasonable steps to assure compliance with the Protective Order by members of their staff that have not signed an agreement to be bound by the Order;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed or have agreed under oath and on the record to be bound by the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed or have agreed under oath and on the record to be bound by the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) professional trial consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is

reasonably necessary and who have signed or have agreed under oath and on the record to be bound by the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(h) the author of the document or the original source of the information or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information in the normal course of business. Notwithstanding the preceding language of paragraph 8.2, a Party that has produced its, his or her own Protected Material may disclose such Protected Material to any persons, with or without any conditions placed upon such disclosure, as the Party deems appropriate.

8.3     Disclosure of Possession of Confidential Information.  All persons described in paragraph 8.2(a) – (g) above must not under any circumstance sell, offer for sale, advertise, or publicize either the Confidential Information or the fact that such persons have obtained Confidential Information.

8.4     This Order Does Not Supersede the Parties' Approved Stipulation to Allow Plaintiffs and Their Next Friends to Proceed Pseudonymously. Pursuant to the Court's August 6, 2018 Order, the Parties and their Counsel shall not disclose any information that would reveal the true identities of Andrew M., Denise M., Jacob T., and Heather T, notwithstanding the contents of this Order. Such information includes initials, names, any other personally identifiable information, and any information that would enable another person to discover their true identities.

9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in

other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Receiving Party must:

(a) promptly notify in writing the Designating Party (by email if possible) and in no event more than five (5) calendar days after receiving the subpoena or order. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(d) This section (Section 10) does not apply to Medical Records, educational records, employment records or financial records required to be disclosed by a Party or Non-Party.

11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately and within not more than five (5) calendar days: (a) notify in writing (including via email) the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The Receiving Party must promptly notify the Designating Party of the results of its efforts with regards to (b), (c) and (d). After a good faith meet and confer effort to resolve any remaining disputes concerning compliance with this paragraph, any Party, Receiving Party or Designating Party may seek relief from this Court for non-compliance with this provision. Said relief may include, but is not limited to, preclusion of the Receiving Party's use in this litigation of the Protected Material that was disclosed contrary to this Order, or any other sanction deemed appropriate by the Court.

12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of attorney-client privilege or work product protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

13.     MISCELLANOUS

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Parties may modify this Order by written agreement, subject to approval by the Court. The Court may modify this Order.

13.2 **Right to Assert Other Objections.** By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3 **Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5.2.2(b), a sealing order will issue only upon an Application for Leave to File Under Seal. Within four days of the Receiving Party's Application, the Designating Party must file a declaration establishing that all or part of the designated material is sealable, by showing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5.2.2(b) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5.2.2(b)(ii), unless otherwise instructed by the Court.

13.4 **Privileges Not Waived.** This Order does not affect or waive any applicable privilege or work product protection, or affect the ability of a Producing Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13.5 **Third Party Protections.** Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written notice to the Parties' respective counsel or by oral notice at

the time of any deposition or similar proceeding.

13.6    Obligations to Third Parties.  Nothing herein relieves any Party or Non-Party from any pre-existing confidentiality obligations currently owed by any Party or Non-Party to any other Party or Non-Party.

13.7    Retention of Completed "Acknowledgment and Agreement to Be Bound" Forms (Exhibit A).  Completed "Acknowledgement and Agreement to Be Bound" Forms (Exhibit A) ("form") must be maintained by the Party that obtained the completed form pursuant to this Order. The Party retaining the completed form will produce the form to resolve any good faith challenge by a Party or Designating Party or dispute concerning whether a person who is obligated under this Order to complete the form did so properly and complied with the representations in the form and this Order. If the parties are unable to resolve any such disputes or challenges through a good faith meet and confer process, the challenging Party or Designating Party may seek appropriate relief from this Court.

14.    FINAL DISPOSITION

Unless otherwise ordered by the Court or agreed in writing by the Producing Party, within sixty (60) days after the final disposition of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Final disposition is the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that

(1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel and House Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 5.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January 2, 2019

By: _____/s/ Andrea N. Feathers_____
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
Sylvia Torres-Guillén
Hannah Comstock
Victor Leung
Alexis Piazza

ACLU FOUNDATION OF NORTHERN CALIFORNIA
Christine P. Sun
Linnea L. Nelson

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Sarah Hinger (Admitted *Pro Hac Vice*)

(*List of Counsel Continued on Next Page*)

ACLU FOUNDATION OF SAN DIEGO
AND IMPERIAL COUNTIES
David Loy
Melissa Deleon

SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP
Moe Keshavarzi
Andrea N. Feathers

NATIONAL CENTER FOR YOUTH LAW
Michael Harris

Attorneys for Plaintiffs

Dated: January 2, 2019

By: _____/s/ Kelly A. Moran_____
OFFICE OF COUNTY COUNSEL FOR THE
COUNTY OF RIVERSIDE
Kelly A. Moran
James E. Brown

Attorneys for Defendants

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 1/7/2019

_John E. McDermott_____
HONORABLE JOHN E. McDERMOTT
UNITED STATES MAGISTRATE JUDGE

## ATTESTATION

I hereby attest that the other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  January 2, 2019

By: _____
          /s/ Andrea Feathers
          Andrea N. Feathers

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print

or type full address], declare under penalty of perjury that I have read in its entirety

and understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on _____, 2019 in

the case of "SIGMA BETA XI, INC.; ANDREW M., by and through his next

friend DENISE M., on behalf of himself and all others similarly situated; JACOB

T., by and through his next friend, HEATHER T., on behalf of himself and all

others similarly situated; J.F., by and through her next friend, CINDY

MCCONNELL, on behalf of herself and all others similarly situated, Plaintiffs, vs.

COUNTY OF RIVERSIDE; MARK HAKE, Chief of the Riverside County

Probation Department, in his official capacity; and BRYCE HULSTROM, Chief

Deputy of the Riverside County Probation Department, in his official capacity,

Defendants," Case No. 5:18-cv-01399.

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order. Further, I solemnly promise that I

will not sell, offer to sell, advertise or publicize that I have obtained any Protected

Material subject to this Stipulated Protective Order.

At the conclusion of this matter, I will return all Protected Material which

came into my possession to counsel for the party from whom I received the

Protected Material, or I will destroy those materials. I understand that any

Confidential Information contained within any summaries of Protected Material shall remain protected pursuant to the terms of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the final disposition of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____ [printed name]

Signature: _____ [signature]